**Michael Ray RICE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–83–593CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 21, 1984.

Nelson Hargrove, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

This appeal is from a conviction for the misdemeanor offense of criminally negligent homicide pursuant to TEX.PENAL CODE ANN. § 19.07 (Vernon 1974). Appellant pled not guilty. A jury found him guilty as charged and assessed punishment at six months' confinement in the Harris County Jail and a $2,000 fine. We reverse and remand with instructions that the trial court enter a judgment of acquittal.

Appellant was convicted of driving on the left-hand side of a two-lane highway in overtaking and passing another vehicle, thus causing his car to strike an approaching truck driven by Virgil Abke. Abke's truck then hit the car appellant was accused of passing, killing its driver, Tony Fuentez.

Appellant presents four grounds of error. Our disposition of the second ground renders a discussion of the remaining grounds unnecessary. In his second ground appellant alleges the trial court erred in overruling his motion for instructed verdict on the ground that the state had failed to prove all the material elements of

the offense of negligent homicide. Under this ground of error appellant argues that the state failed to prove, as alleged in the information, that appellant was overtaking and passing another vehicle proceeding in the same direction. That information, by which appellant was charged, alleged he did then and there unlawfully

> operate a motor vehicle and cause his vehicle to collide with a vehicle occupied by Virgil Ray Abke, causing Virgil Ray Abke's vehicle to collide with the motor vehicle occupied by Tony Fuentez, hereafter styled the Complainant, and by criminal negligence did cause the death of the Complainant, namely, by driving his vehicle on the left side of the center of a public highway in overtaking and passing another vehicle proceeding in the same direction without said left side being clearly visible and free of oncoming traffic as required by law to prevent interference with the operation of approaching vehicles or vehicles overtaken and by these acts caused his motor vehicle to collide with a vehicle occupied by Virgil Ray Abke, causing Virgil Ray Abke's vehicle to collide with the motor vehicle occupied by the Complainant causing the death of the Complainant.

The state concedes that the evidence must prove beyond a reasonable doubt that appellant was overtaking and passing another vehicle travelling in the same direction. In passing on ground of error two the only thing we need to decide is whether the evidence is sufficient in that respect. Three witnesses gave pertinent testimony at trial. Virgil Abke, the injured driver of the truck, testified he was travelling at a rate of about 30–35 miles per hour but admitted he had no idea of the speed of appellant's car. At that time, about 7:10 a.m. on December 21, 1982, visibility was, at most, 6–8 feet. Abke first noticed headlights coming towards him at that same distance, 6–8 feet. The oncoming car, driven by appellant, swerved back to the center of the road, but an impact occurred immediately. Abke's truck was thrown into the oncoming traffic. The second impact, between Abke and Fuentez, occurred only two to three seconds later.

The other two witnesses were two Department of Public Safety officers, Officer Robert Strickland and Sergeant Billy Kelly. Strickland prepared diagrams of the scene of the accident on the date it happened and explained them in testimony. However, he gave no testimony as to anyone's speed. He revealed that the wet road conditions precluded the preservation of skid marks. Strickland indicated that appellant said he did not remember anything. Appellant did not testify during the guilt-innocence stage of the trial.

Kelly, who oversees investigations of all fatal accidents in Region 2 of the Texas Highway Patrol, was questioned by the state on direct examination about whether he had any estimate regarding the speed of any of the vehicles. After defense objected, the state withdrew its question and abandoned that line of questioning. Kelly testified that he arrived at the scene at approximately 8:00 a.m. (almost an hour after the collision); visibility for headlights, according to Kelly, was then less than 100 feet.

The foregoing is all of the evidence concerning whether appellant was overtaking and passing another vehicle. We hold this evidence insufficient to support the allegation that appellant was overtaking and passing another vehicle. Further, its cumulative effect does not eliminate every reasonable hypothesis other than that appellant was overtaking and passing another vehicle.

The judgment of the trial court is reversed and remanded with instructions to enter a judgment of acquittal.